UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CACERES RIVAS (A-Number: 213-044-702),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-6720-DC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Marcos Caceres Rivas seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his immigration re-detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**[1]

Petitioner entered the United States in December 2021 without permission and was apprehended and then released by immigration authorities into the United States on his own recognizance on January 12, 2022. ECF No. 5-1 at 4; ECF No. 6-1 at 2. On October 13, 2022, a

[1] Respondent obtained petitioner's I-213 shortly after filing its answer and has moved to supplement the record with that exhibit. ECF Nos. 6, 6-1. The court appreciates respondent's diligence in obtaining this document and grants the motion to file the supplemental exhibit.

deportation officer provided petitioner an amended notice to appear, charging that he was present in the United States without being admitted or paroled. ECF No. 5-1 at 1. Petitioner checked in with ICE routinely for years. *Id.* at 5.

On June 27, 2026, petitioner went into the ICE office in Miramar, Florida, for "routine OREC [order of release on recognizance] reporting." ECF No. 6-1 at 1. Immigration officers ran background checks and determined that he had no wants or warrants. *Id.* There is no evidence in the record of any criminal history. Immigration officers noted that petitioner had a master hearing scheduled in immigration court for October 1, 2027. *Id.* They confirmed that petitioner was compliant with his immigration registration obligations. *Id.* at 3. Immigration officers re-detained petitioner based on a determination that he is removable from the United States. *Id.* at 8. Prior to his re-detention, petitioner was not provided with a pre-deprivation hearing and has been detained since that date without a bond hearing. ECF No. 1 at 6, 8.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner was re-detained by immigration authorities on June 27, 2026, at a routine ICE check-in required by his order of release on recognizance. ECF No. 6-1 at 2. He has been held in immigration custody without a bond hearing. ECF No. 1 at 6, 8. Border Patrol previously released petitioner into the United States on his own recognizance in January 2022. ECF No. 5-1

at 4. Petitioner claims that his re-detention without a bond hearing violates due process.[2] ECF No. 1 at 6. Respondent asserts that immigration authorities lawfully re-detained petitioner pursuant to 8 U.S.C. § 1225(b)(1), which authorizes mandatory detention without bond. ECF No. 5 at 1. Respondent also recognizes that Court of Appeals has rejected respondent's argument that section 1225(b) applies to noncitizens like petitioner who are detained by ICE in the interior of the United States. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).[3] This holding accords with five other Courts of Appeals. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. July 30, 2026). Respondent otherwise fails to address petitioner's due process argument. ECF No. 5 at 1.

Courts analyze procedural due process claims in two steps: first, we consider whether there exists a protected liberty interest under the Due Process Clause, and, second, we evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, 818 F. Supp. 3d 1113, 1120 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Petitioner is no different. Immigration authorities paroled him into the United States on his own recognizance on January 12, 2022. ECF No. 5-1 at 4. Petitioner lived in the United States for over four years prior to his re-detention on June 27, 2026. ECF No. 6-1 at 2.

---

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n. 1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[3] Because the mandate has yet to be issued, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

Petitioner's initial release and time out of custody have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context). The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner acquired a private interest in continued release during over four years of release on his own recognizance in the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Second, a pre-deprivation bond hearing in immigration court could have addressed that interest, and the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner into the United States, respondent necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's re-detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Where, as here, '[the petitioner] has not received any bond or custody . . . hearing,' 'the risk of an erroneous deprivation [of liberty] is high' because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, No. 1:25-cv-0801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent offers no evidence or argument indicating that any procedural safeguards have been employed following petitioner's re-detention; more generally, they give the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. On the contrary, the fact that the government maintains that petitioner is subject to mandatory detention and has denied him a bond hearing indicates that it has not made sufficient efforts to prevent an erroneous deprivation of his liberty. *See* ECF No. 5 at 1. Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025)

(citation omitted). Indeed, respondent has provided no information about the additional burden that would fall on it as a result of being required to provide a bond hearing. *See* ECF No. 5. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-detention without a bond hearing violates his due process rights. Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 8. Respondent states that relief should be "limited to directing Petitioner to pursue a § 1226(a) custody redetermination from an IJ."[4] ECF No. 5 at 1.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part,*

---

[4] In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. 216, 228-29 (BIA 2025). As noted, respondent asserts that petitioner is detained under this section. ECF No. 5 at 1. Respondent offers no assurances that, if petitioner requested a bond hearing, an immigration judge would have the authority to provide him one. *See id.*

*rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, petitioner was at liberty in the United States for over four years prior to being re-detained by immigration officers at a scheduled check-in for his own recognizance release order. ECF No. 6-1 at 2. There is no indication of any violation of release conditions. *Id.* Petitioner had routinely checked in with ICE for years. ECF No. 5-1 at 5. Background checks revealed no wants or warrants, respondent has provided no criminal history, and detaining immigration officers do not indicate any reason for the re-detention. *Id.* Respondent does not argue that there was the "necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Moreover, respondent does not argue that petitioner is a danger or a flight risk. *See* ECF No. 5.

Under these circumstances, I find that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Accordingly, the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that respondent's motion to file a supplemental exhibit, ECF No. 6, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 213-044-702) from its custody on the same conditions as his prior release. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE